FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS      2016 JUL -6  PM 1:42
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>JOEY MERTZ GONZALES,<br>     aka WHEEL CHAIR (01),<br>EDDIE FLORES, aka LIL E, (03),<br>DAVID PHILLIP URDIALES,<br>     aka TERMITE (06),<br>CRUZ CARLOS ACOSTA (07),<br>JOHN GARY ORTIZ, aka BIG JOHN (08),<br>CHRISTOPHER JAMES DAVILA,<br>     aka LUCK (09),<br>NOEL ARCE (10),<br>MARIO ALBERT LEAL, JR.,<br>     aka LIL MAN (11), and<br>NICHOLAS RODRIGUEZ,<br>     aka BABY NICK (12)<br><br>         Defendants. | CRIM. NO. SA-16-CR-236 (XR)<br><br>S U P E R S E D I N G<br>I N D I C T M E N T<br><br>[●Vio: Conspiracy to Distribute, and to Possess with Intent to Distribute, Heroin, Cocaine, Cocaine Base, and Methamphetamine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) & 846;<br>●Vio: Distribution and Possession with Intent to Distribute Heroin, Cocaine Base, Methamphetamine, and Aiding and Abetting, 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C); 18 U.S.C. § 2;<br>●Vio: Conspiracy to Interfere with Commerce by Threats and Violence: 18 U.S.C. § 1951;<br>●Vio: Felon in Possession of a Firearm:   18 U.S.C. § 922(g)(1);<br>●Vio: Use and Possession of a Firearm in a Drug-Trafficking Crime: 18 U.S.C. § 924(c) and Notice of United States of America's Demand for Forfeiture.] |

**THE GRAND JURY CHARGES:**

**Introduction:**

There existed in the period alleged in this Superseding Indictment, an organization known as the Texas Mexican Mafia. The Texas Mexican Mafia is recognized as a prison gang, that is, it was formed and operates in prisons across the United States, its membership is largely comprised of persons who became members while in prison, and the gang's top leadership is incarcerated in various prisons in the United States.

The Texas Mexican Mafia has active members throughout Texas but is most active in

San Antonio, Texas and the counties surrounding San Antonio. The gang's activities are criminal and consist of drug-trafficking, extortion, and wide-spread violence used to maintain its reputation and to more effectively distribute narcotics and to extort others.

The Texas Mexican Mafia membership relies on its membership to distribute drugs through typical street sales and through the maintaining of "drug houses" where customers may purchase drugs. The gang's membership also conspires with non-members to distribute, and to possess with intent to distribute, narcotics by authorizing non-members to sell narcotics in exchange for payment of a "drug tax." Non-members who wish to sell narcotics in areas under the control of the Texas Mexican Mafia must first obtain permission of the Texas Mexican Mafia membership and then pay the mandatory drug tax. This arrangement constitutes an agreement between the Texas Mexican Mafia membership and those non-members who pay the drug tax to sell and distribute narcotics.

The persons named in this indictment are Texas Mexican Mafia members and associates who have joined together in the San Antonio, Seguin, and New Braunfels areas of the Western District of Texas to carryout drug distribution as charged below.

### COUNT ONE
### [21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), & 846]

That beginning around 2010, and continuing until this Indictment, in the Western District of Texas, Defendants,

> JOEY MERTZ GONZALES, aka WHEEL CHAIR (01),
> EDDIE FLORES, aka LIL E, (03),
> DAVID PHILLIP URDIALES, aka TERMITE (06),
> CRUZ CARLOS ACOSTA (07),
> JOHN GARY ORTIZ, aka BIG JOHN (08),
> CHRISTOPHER JAMES DAVILA, aka LUCK (09),
> NOEL ARCE (10),

    **MARIO ALBERT LEAL, JR., aka LIL MAN (11),** and
    **NICHOLAS RODRIGUEZ, aka BABY NICK (12)**

knowingly, intentionally, and unlawfully combined, conspired, confederated, and agreed with others known and unknown to distribute and to possess with intent to distribute a controlled substance, which offense involved a mixture and substance containing a detectable amount of heroin, cocaine base, and methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846;

### COUNT TWO
### [21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) & 18 U.S.C. § 2]

That on or about May 18, 2015, in the Western District of Texas, Defendants

    **JOEY MERTZ GONZALES, aka WHEEL CHAIR (01),** and
    **NICHOLAS RODRIGUEZ, aka BABY NICK (12)**

aided and abetted by each other, did knowingly, intentionally, and unlawfully distribute and possess with intent to distribute, a controlled substance, which offense involved a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

### COUNT THREE
### [21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

That on or about June 10, 2015, in the Western District of Texas, Defendant

    **CHRISTOPHER JAMES DAVILA, aka LUCK (09)**

did knowingly, intentionally, and unlawfully distribute and possess with intent to distribute, a controlled substance, which offense involved a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21,

United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FOUR
**[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) & 18 U.S.C. § 2]**

That on or about February 16, 2016, in the Western District of Texas, Defendants

**EDDIE FLORES, aka LIL E, (03), and**
**JOHN GARY ORTIZ, aka BIG JOHN (08),**

aided and abetted by each other, did knowingly, intentionally, and unlawfully distribute and possess with intent to distribute, a controlled substance, which offense involved a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT FIVE
**[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]**

That on or about July 7, 2015, in the Western District of Texas, Defendant

**DAVID PHILLIP URDIALES, aka TERMITE (06),**

did knowingly, intentionally, and unlawfully distribute and possess with intent to distribute, a controlled substance, which offense involved a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIX
**[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]**

That on or about February 12, 2015, in the Western District of Texas, Defendant

**CRUZ CARLOS ACOSTA (07),**

did knowingly, intentionally, and unlawfully distribute and possess with intent to distribute, a

controlled substance, which offense involved a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT SEVEN
### [21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

That on or about March 12, 2015, in the Western District of Texas, Defendant

**CRUZ CARLOS ACOSTA (07),**

did knowingly, intentionally, and unlawfully distribute and possess with intent to distribute, a controlled substance, which offense involved a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT EIGHT
### [21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

That on or about August 3, 2014, in the Western District of Texas, Defendant

**NOEL ARCE (10),**

did knowingly, intentionally, and unlawfully distribute and possess with intent to distribute, a controlled substance, which offense involved a mixture and substance containing a detectable amount of cocaine base, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT NINE
### [21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) & 18 U.S.C. § 2]

That on or about September 9, 2014, in the Western District of Texas, Defendants

**NOEL ARCE (10),**
**MARIO ALBERT LEAL, JR. aka LIL MAN (11)**

aided and abetted by each other, did knowingly, intentionally, and unlawfully distribute and possess with intent to distribute, a controlled substance, which offense involved a mixture and substance containing a detectable amount of cocaine base, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT TEN
## [18 U.S.C. § 1951]

Beginning around October 2013, the exact date being unknown to the Grand Jury, and continuing to the date of this Superseding Indictment, in the Western District of Texas, and other parts of the United States, the Defendants,

**JOEY MERTZ GONZALES, aka WHEEL CHAIR (01),**
**EDDIE FLORES, aka LIL E, (03),**
**JOHN GARY ORTIZ, aka BIG JOHN (08),**

did unlawfully, knowingly and intentionally conspire together and with others known and unknown, to, in any way or degree, obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), in violation of 18 U.S.C. § 1951.

## OBJECT OF THE CONSPIRACY

The object of the conspiracy was to extort money from drug traffickers so the money could be distributed to members of the Texas Mexican Mafia, of which the Defendants were members or associates. The Defendants required persons who sold narcotics to pay the Defendants a "tax" on the proceeds of drug distribution. This requirement that drug dealers pay the drug tax was enforced by the Defendants through threats of force or physical violence, and actual force or violence.

## MANNER AND MEANS

It was part of the conspiracy that the Defendants would carry out the extortion by:

1. Requiring drug traffickers to pay the extortion tax to members of the Texas Mexican Mafia or face assault, robbery, or murder;

2. Using violence in all forms and degrees to enforce the Texas Mexican Mafia requirement that all drug distributors pay the tax in exchange for permission granted by members of the Texas Mexican Mafia to distribute narcotics.

## OVERT ACTS

On a weekly or near-weekly basis, Defendants named in Count Ten of this Superseding Indictment collected and assisted one another in the collection of extortion money from narcotics distributors in the Seguin, Texas and New Braunfels areas. After the extortion drug tax was collected it was delivered to **JOEY MERTZ GONZALES, (01)**, who further distributed these proceeds to members of the Texas Mexican Mafia.

All of the above was in violation of Title 18, United States Code, Section 1951.

## COUNT ELEVEN
[18 U.S.C. § 922(g)(1)]

On or about, in December, 2014, in the Western District of Texas, Defendant,

**DAVID URDIALES (06),**

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce a firearm, to wit: one Ruger .380 caliber handgun, Model LCP, Serial Number 372-55143, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWELVE
### [18 U.S.C. § 924(c)]

On or about April 15, 2016, in the Western District of Texas, Defendant,

### CRUZ ACOSTA (07),

did knowingly use and carry a firearm, to wit: a Smith & Wesson, Model M&P 15, .223 caliber, semiautomatic rifle, Serial Number ST46796, along with two (2) M&P magazines with .223 caliber ammunition, during and in relation to, and did possess said firearm in furtherance of, a drug trafficking crime, that may be prosecuted in a court of the United States, that is, Conspiracy to Distribute, and to Possess with Intent to Distribute, Heroin, Cocaine, Cocaine Base, and Methamphetamine, as further described in Count One, in violation of Title 18, United States Code, Section 924(c).

## COUNT THIRTEEN
### [18 U.S.C. § 924(c)]

On or about April 15, 2016, in the Western District of Texas, Defendant,

### MARIO ALBERT LEAL, JR. aka LIL MAN (11),

did knowingly use and carry at least one firearm, to wit: one Remington, Model 870, 12 gauge shotgun, Serial Number B819314M; one Springfield Armory, Model XD40, .40 caliber handgun, Serial Number GM116805; one Ruger, Model GP100, .357 caliber revolver, Serial Number 17612568; one Smith & Wesson, Unknown Model, .357 magnum revolver, Serial Number N117892; and one Tanfoglio, F.LLI, S.N.C., Model TA22, .22 Caliber revolver, Serial Number B59006, during and in relation to, and did possess said firearm in furtherance of, a drug trafficking crime, that may be prosecuted in a court of the United States, that is Conspiracy to Distribute, and to Possess with Intent to Distribute, Heroin, Cocaine, Cocaine

Base, and Methamphetamine, as further described in Count One, in violation of Title 18, United States Code, Section 924(c).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

This Notice of Demand for Forfeiture includes but is not limited to the properties in Paragraph III.

### I.
### Drug Violations and Forfeiture Statutes
[Title 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846, subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (2)]

As a result of the foregoing criminal violations set forth in Count One, the United States of America gives notice to Defendant **CRUZ CARLOS ACOSTA(7)** of its intent to seek the forfeiture of the properties described below upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) and (2), which states:

> **Title 21 U.S.C. § 853. Criminal forfeitures**
> **(a) Property subject to criminal forfeitures.**
> Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law.--
> > **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> > **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; . . .

### II.
### Firearm Violations and Forfeiture Statutes
[Title 18 U.S.C. §§ 922(g)(1) and 924(c), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461]

As a result of the criminal violations set forth in Counts eleven through thirteen, the United States of America gives notice to Defendants **DAVID URDIALES (06), CRUZ CARLOS ACOSTA (07) and MARIO ALBERT LEAL, JR., aka LIL MAN (11)** of its intent

to seek the forfeiture of the below described properties upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461, which states:

> **Title 18 U.S.C. § 924. Penalties**
> **(d)(1)** Any firearm or ammunition involved in or used in knowing violation of subsection . . . (g) . . . of section 922. . .or knowing violation of section 924 . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter . . . .

### III.
### Personal Properties

1. $7,200.00, More or Less, in United States Currency;
2. Ruger .380 caliber handgun, Model LCP, Serial Number 372-55143;
3. Smith & Wesson, Model M&P 15, .223 caliber, rifle, Serial Number ST46796
4. Remington, Model 870, 12 gauge shotgun, Serial Number B819314M;
5. Springfield Armory, Model XD40, .40 caliber handgun, Serial Number GM116805;
6. Ruger, Model GP100, .357 caliber revolver, Serial Number 17612568;
7. Tanfoglio, F.LLI, S.N.C, Model TA22, .22 Caliber revolver – Serial Number B59006; and
8. Any and all ammunition and firearm accessories.

A TRUE BILL

[signature redacted]

RICHARD L. DURBIN
United States Attorney

By: [signature]
JOEY CONTRERAS
Assistant United States Attorney